UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

In Re:

    Howard James Ryan and Patricia Ryan

              Debtors.

              Chapter 13
              Case No.: 09-71358-REG

------------------------------------------------------X

Howard James Ryan and Patricia Ryan

                    Plaintiffs,

-against-

Washington Mutual

                    Defendant.

            Adv. Pro. No.:09-_____ -REG

            **COMPLAINT**

------------------------------------------------------X

      Plaintiffs, Howard James Ryan and Patricia Ryan, the debtor(s) herein, (hereinafter "Debtor(s)") by their

attorneys, Feinsilver & Cuocci, LLC, as and for their complaint against Defendant,

Washington Mutual (hereinafter "WAMU"), respectfully allege as follows:

## JURISDICTION

    1. Debtor(s) filed a voluntary joint petition for relief under Chapter 13 of the U.S.

Bankruptcy Code, on or about March 4th, 2009, and was assigned case number 09-71385-REG (the "Bankruptcy Case")

    2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

§§ 157 and 1334.

    3. Venue is proper in this district pursuant to 28 U.S.C. §1409.

    4. The statutory predicate for this processing is 11 U.S.C. §506(a) and (d) and Rules

3012, 6009 and 7001 et, seq., of the Federal Rule Bankruptcy Procedure.

    5. This action is a core proceeding pursuant to 28 U.S.C §157(b)(2)(A)&(K).

## PARTIES

6. Debtor is an individual that resides at the homestead located at and commonly Known as 14 Elizabeth Way, Ridge, NY 11961(the "Property").

7. Debtor(s) are the sole fee owners of the Property.

8. Debtor(s) hold fee title to the Property.

9. WAMU is an alleged secured creditor in the Bankruptcy Case and claims to hold a second position mortgage and note with respect to the Property in the amount of approximately $71,033.00.

10. Upon information and belief, WAMU bases its secured status upon being the holder And/or "servicer" of a certain mortgage made by the Debtor(s) to WAMU (or its predecessor in interest). And purportedly filed with the Clerk of the County Suffolk, State of New York.

11. WAMU has not appeared in the Bankruptcy Case through counsel or otherwise at this Time, and has yet to file a proof of claim in its name.

12. There is presently a first mortgage lien of record against the Property, held by Aurora Loan Services, with an outstanding balance of at least $276,170.54.

## BACKGROUND AS TO ALL CLAIMS FOR RELIEF

13. As of February 2, 2009, the Property was appraised at the value of $273,000.00 A copy of the appraisal report is annexed hereto as Exhibit "A".

14. Upon information and belief, and based upon current market conditions, it is Estimated that the Property was worth even less than the appraised value as of the filing date of the Bankruptcy Case, and that is has further diminished in value as of the date hereof.

## AS AND FOR FIRST CLAIM FOR RELIEF

15. Debtor(s) repeat and re-allege each and every allegation as set forth in paragraphs "1" through "14" as if fully set forth below.

16. The U.S. Bankruptcy Code provides in pertinent part at 11 U.S.C §506(a), that a claim is allowed as secured only to the extent of the value of property upon which the lien is valid and perfected, with the remainder of the claim to be classified and considered unsecured.

17. The total amount due on the first mortgage lien against the real property is at least $276,170.54, while the appraised value of the Property is $273,000.00

18. There is therefore no equity in the Property to secure the alleged lien filed by WAMU.

19. The claim of WAMU is fully unsecured.

20. The claim of WAMU improperly infringes upon the Debtor(s)' homestead exemption.

21. Pursuant to 11 U.S.C §506(a) and F.R.B.P. Rule 3012, the alleged secured claim of WAMU is wholly unsecured as the prior secured lien of the first mortgage exceeds the appraised value of the property.

22. Accordingly, it is respectfully requested that this Court issue judgment in favor of the Debtor(s) declaring that the full amount of the second mortgage held by WAMU cannot be allowed as secured and same must be deemed fully unsecured, with an appropriate modification of the filed proof of claim to be wholly unsecured liability.

## AS AND FOR SECOND CLAIM FOR RELIEF

23. Debtor(s) repeat and re-allege each and every allegation as set forth in paragraphs "1" through "22" as if fully set forth below.

24. The U.S. Bankruptcy Code provides at 11 U.S.C §506(d) that to the extent a lien secures a claim against a debtor that is not an allowed secured claim, such lien is void and unless it is disallowed under 11 U.S.C §§506(b)(5) or 502(e), or such claim is not an allowed secured claim due only to the failure of the entity to file a proof of claim under §501.

25. WAMU has not yet filed a proof of claim, but any claim which WAMU would file cannot be an allowed secured claim.

26. No WAMU claim has been disallowed under 11 U.S.C §506(b)(5) or §502(e).

27. Consequently, the lien held by WAMU must be considered null and void.

28. Accordingly, it is respectfully requested that this Court issue judgment in favor of the Debtor(s) declaring the lien of WAMU in the Property null and void.

WHEREFORE, Debtor(s) respectfully request that this Court enter judgment in favor of the Debtor(s) as against WAMU and any successors-in-interest declaring:

(a) The claim held by WAMU allegedly secured by a lien on the Property is reclassified as a wholly unsecured claim; and,

(b) That the WAMU lien on the Property be declared bull and void; and,

(c) Granting to the Debtor(s) such other and further relief as the Court deems just and proper under the circumstances.

Dated: Medford, New York
May 7, 2009

                                            LAW OFFICE OF JOHN GONZALEZ P.C
                                            *Attorneys for Debtor(s)/Plaintiff*

By:    /s/ *John Gonzalez*
            John Gonzalez, Esq. (vc-7978
            *A Member of the Firm*
            3239 Rt. 112 Bldg. 8 Ste. 4
            Medford, New York 11763
            (631) 451-7834 tel.
            (631) 451-0118 fax.